## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D'ALTILIO,** | : | **CIVIL ACTION NO. 1:06-CV-1931** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOVER TOWNSHIP, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court is the motion (Doc. 11) of defendants Dover Township, Dover Township Board of Supervisors, and Supervisors Madelyn Shermeyer, Shane Patterson, Michael Husson,[1] Donald Bonsell, and Duane Hull to dismiss the complaint (Doc. 1) of plaintiff Michael D'Altilio ("D'Altilio"). For the reasons that follow, the defendants' motion will be granted.

## I.   Factual Background[2]

Beginning on December 29, 2003, defendant Dover Township employed D'Altilio as its Director of the Department of Public Works. (Doc. 1 ¶¶ 18.) Township ordinances required D'Altilio to undergo a six-month probationary period. (Id. ¶ 22.) Near the end of this period, he requested a review from

---

[1]D'Altilio has since filed a stipulation (Doc. 43) to the dismissal of Defendants Patterson and Husson without prejudice. As such, the court will deny Patterson and Husson's motion to dismiss as moot.

[2]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

Township Manager Michael Morris ("Morris"), who commended D'Altilio's performance. (Id. ¶ 26.) Morris relayed his assessment to defendant Dover Township Board of Supervisors ("the board"). (Id. ¶ 27.) Despite this positive review, defendant Supervisor Madelyn Shermeyer ("Shermeyer") discussed with Morris the possibility of placing D'Altilio on an additional ninety days' probation. (Id. ¶ 26.) The board eventually did so, and Shermeyer instructed Morris to investigate D'Altilio's performance during that period. (Id. ¶¶ 26, 28, 33.) At the end of the additional probationary period and upon another positive report from Morris, the board granted D'Altilio permanent employment status, with Shermeyer and defendant Supervisor Donald Bonsell ("Bonsell") dissenting (Id. ¶ 35-37.)

On several occasions around this time, Shermeyer made derogatory remarks about D'Altilio in public areas of the township building, referring to him as "Mafia Mike" because of his Italian ethnicity and as "Humpty-Dumpty" because of his size and weight. (Id. ¶ 30.) Bonsell made offensive comments about D'Altilio's work attire, and both supervisors commented to other township employees that D'Altilio "'[wasn't] one of us'". (Id. ¶ 31-32.) They also meddled with his management of the Department of Public Works by criticizing his handling of Township projects and by interfering with personnel decisions when he hired a new employee for a position approved by the board. (Id. ¶¶ 39-41.)

At a board meeting held December 13, 2004, Shermeyer moved to discharge D'Altilio, and the board approved the motion. (Id. ¶¶ 42, 49.) Shermeyer, Bonsell, and defendant Supervisor Duane Hull ("Hull") voted in favor of discharge;

Supervisors Michael Husson and Shane Patterson dissented.  (Id. ¶¶ 43, 47, 49.)
This discharge violated a township resolution, which grants the township manager
sole authority to terminate an employee.  (Id. ¶¶ 50-51.)  After his dismissal, D'Altilio
received a letter stating that the board had terminated his employment, but he
neither received a reason for the discharge nor was given a hearing in which to
challenge it.  (Id. ¶¶ 52-53, 55.)  Failure to afford D'Altilio notice and a hearing
violated provisions of the same resolution conferring sole termination authority on
the township manager.  (Id. ¶ 55.)

D'Altilio filed the present action on September 28, 2006.  He alleges violations
of his substantive due process, procedural due process, and equal protection rights
under 42 U.S.C. §§ 1983 and 1988,[3] as well as under the Constitution of the
Commonwealth of Pennsylvania (Counts I, II, and III).[4]  He also alleges a conspiracy

---

[3]Section 1988 of Title 42 of the United States Code governs the law applicable
in civil rights cases and allows a court to award attorneys' fees to the prevailing
party in a civil rights case.  As such, § 1988 is inapplicable to the present motion to
dismiss.

[4]D'Altilio's complaint also includes two Title VII claims (Counts IV and V)
and an Age claim (Count VII).  The plaintiff has concurred in the dismissal of these
claims.  (See Doc. 11 at 11.)  Accordingly, the court will dismiss Counts IV, V, and
VII without further discussion.

claim under 42 U.S.C. § 1985(3)[5] (Count VI) and a state-law claim under the

Pennsylvania Human Relations Act (Counts VIII and IX).[6]  On December 14, 2006,

the defendants filed a motion to dismiss the complaint (Doc. 11) under Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  The motion has been fully briefed and is

ripe for disposition.

## II.    <u>Standard of Review</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of claims that fail to state a claim upon which relief can be granted.  FED.

R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept as true all factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom, and view them in the light most favorable

to the plaintiff."  <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007) (quoting

<u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is

---

[5]D'Altilio's complaint alleges conspiracy under 42 U.S.C. § 1985 generally.
(Doc. 1 ¶ 94.)  Subsection 1985(1) applies to conspiracies that interfere with the
duties of an officer of the United States, and § 1985(2) governs obstruction of justice
and witness intimidation in federal courts.  Because the facts in D'Altilio's
complaint do not plead conduct proscribed by either of these subsections, the court
will treat the complaint as asserting a claim under § 1985(3), which provides a
remedy for conspiracies to violate civil rights.

[6]Count VIII alleges that defendants violated the Pennsylvania Human
Relations Act, 43 PA. STAT. ANN. §§ 951–963.  Count IX alleges that defendants have
waived sovereign immunity under 42 PA. CONS. STAT. § 8550, which provides that
official immunity shall not apply in certain instances of willful misconduct by a
government official.  Because § 8550 simply controls the availability of an immunity
defense rather than creating a cause of action arising under state law, Counts VIII
and IX appear to be two facets of a single claim.

generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v.  Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir.  1994); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir.  1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense.  <u>See</u> FED.  R.  CIV.  P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, ____ U.S. ____, 127 S. Ct. 1955, 1964-65 (2007).  Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u>; <u>see</u> <u>Swierkiewicz v.  Sorema N.A.</u>, 534 U.S. 506, 514 (2002).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir.  2002); <u>Shane v.  Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.  2000).

## III.   **Discussion**

D'Altilio's alleges violations of his substantive due process, procedural due process, and equal protection claims under 42 U.S.C. § 1983.  He also asserts a conspiracy claim under 42 U.S.C. § 1985 in addition to state law claims arising under the Pennsylvania Constitution and the Pennsylvania Human Relations Act.

### A.   **The §§ 1983 and 1985 Claims**

D'Altilio asserts claims under 42 U.S.C. §§ 1983 and 1985 arising from alleged deprivations of his civil rights.  These sections create no substantive rights but instead provide a remedy for infringement of rights created by other federal law. See City of Okla. City v. Tuttle, 471 U.S. 808, 816 (1985); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979).  A § 1983 claim requires a plaintiff to allege that some person has deprived the plaintiff of a federal right under the color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  D'Altilio asserts claims against Dover Township, its Board of Supervisors, and the individual Supervisors in their official and individual capacities.  The court will address the claims against each defendant *seriatim*.

### 1.   **Dover Township**

A municipality may be held liable under §§ 1983 or 1985 only if the plaintiff can "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)); see also Maisonet v. City of Phila., No. 06-4858, 2007 WL 1366879, at *3 (E.D. Pa. May 7, 2007) (citing Owens v. Haas,

601 F.2d 1242, 1247 (2d Cir. 1979); <u>Edwards v. City of Phila.</u>, No. 05-18, 2006 WL

3337490, at *6 (E.D. Pa. Nov. 15, 2006).  In the instant case, D'Altilio has failed to

identify any policy, custom, or practice of Dover Township that violated his civil

rights.  Accordingly, his §§ 1983 and 1985 claims against Dover Township must fail,

and the motion to dismiss will be granted.  However, the court will grant D'Altilio

leave to file an amended complaint identifying a specific township policy, custom,

or practice that caused his alleged injury.

### 2. **Dover Township Board of Supervisors**

For purposes of assessing civil rights liability, a subunit of a local government

is identical to the local government itself.  <u>See</u> <u>Martin v.  Red Lion Police Dep't</u>, 146

F.  App'x 558, 562 n.3 (3d Cir. 2005) (citing <u>Johnson v.  City of Erie</u>, 834 F.  Supp.

873, 878-79 (W.D. Pa. 1993) (holding that defendant municipal police department is

redundant of defendant borough because department was merely the vehicle

through which the borough conducts its police activities); <u>Satterfield v.  Borough of</u>

<u>Schuylkill Haven</u>, 12 F.  Supp.  2d 423, 431 (E.D. Pa. 1998) (characterizing the

borough council as redundant defendant because plaintiff also sued the borough

itself).  Therefore, a plaintiff cannot maintain a suit against both a local government

and its constituent departments and agencies.  <u>Glickstein v.  Neshaminy Sch.  Dist.</u>,

No.  Civ.A.96-9236, 1997 WL 660636, at *3 (E.D. Pa.  Oct.  22, 1997) (granting

dismissal of a school board as identical to the school district ).

Because the Dover Township Board of Supervisors is a subunit of Dover

Township in this case, the board is a redundant defendant.  Accordingly, the motion

to dismiss the §§ 1983 and 1985 claims against the Dover Township Board of Supervisors will be granted.  Leave to amend the claims against the board will be denied as futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

### 3.      <u>Official-Capacity Suits against the Individual Defendants</u>

A suit against a government official in his or her official capacity is synonymous with a claim against the government entity itself.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) (quoting <u>Monell v. Dep't of Soc. Svcs.</u>, 436 U.S. 658, 690 n.55 (1978)) (stating that suits against officers in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent"); <u>Gregory v. Chehi</u>, 843 F.2d 111, 120 (3d Cir. 1988) (asserting that official-capacity claims are the equivalent of claims asserted directly against the government).  If a plaintiff asserts claims against both a government entity and the entity's agents in their official capacity, the court should dismiss the official-capacity suits.  <u>See</u> <u>Lopez v. Maczko</u>, No. 07-1382, 2007 WL 2461709, at *7 (E.D. Pa. Aug. 16, 2007) (granting motion to dismiss official capacity suits as duplicative); <u>Johnston v. Dauphin Borough</u>, No. 1:05-CV-1518, 2006 WL 1410766, at *4 (M.D. Pa. May 22, 2006) (granting motion to dismiss official-capacity claims because plaintiff asserted identical claims against municipality); <u>Abdullah v. Fetrow</u>, No. 1:05-CV-1135, 2006 WL 1274994, at *4 (M.D. Pa. May 8, 2006) (same); <u>Congregation Kol Ami v. Abington Twp.</u>, No. Civ.A. 01-1919, 2004 WL 1837037, at *19 (E.D. Pa. Aug. 17, 2004) ("When a government body can be sued for injunctive and declaratory relief,

8

there is no need to bring official capacity suits against local government officials.").

Therefore, the claims against Shermeyer, Bonsell, and Hull (the "Individual

Defendants") in their official capacities duplicate those against the township and

will be dismissed.  Leave to amend will be denied as futile. See Grayson, 293 F.3d at

108.

    **4.**    **Individual Capacity Claims against Individual Defendants under 42 U.S.C. § 1983**

For a § 1983 claim to survive a motion to dismiss, a plaintiff must allege "that

each and every defendant was personally involved in depriving him of his rights."

Kirk v. Roan, No. 04-1990, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006); see also

Evancho, 423 F.3d at 353 ("A[n individual government] defendant in a civil rights

action must have personal involvement in the alleged wrongdoing.").  A defendant's

personal involvement in a constitutional violation may be established via allegations

of "personal direction," "actual knowledge and acquiescence," or "direct

discrimination."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); see also

Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).

Because the court will dismiss D'Altilio's §§ 1983 and 1985(3) claims for

failure to state a claim upon which relief can be granted, it will assume, *arguendo*,

personal involvement on the part of the Individual Defendants.

    **a.**    **Substantive Due Process (Count I)**

Government action violates substantive due process when it deprives an

individual of a property right through conduct that "shocks the conscience."

9

County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) ("[T]he cognizable level of executive abuse of power is that which shocks the conscience."); United Artists Theatre Circuit v. Twp. of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003) (holding that substantive due process protects against conscience-shocking government action); Nicholas v. Pa. State Univ., 227 F.3d 133, 139-40 (3d Cir. 2000) (noting that substantive due process protects only limited property rights recognized by the doctrine); Coreia v. Schuylkill County Area Vocational-Technical Sch. Auth., No. 4:CV-04-2425, 2005 WL 2266589, at *7 (M.D. Pa. Sep. 16, 2005) (stating that substantive due process claim requires proof of both property interest and conscience-shocking conduct).  A plaintiff alleging a substantive due process violation must demonstrate as a threshold matter the existence of a property right protected by the doctrine.  See Nicholas, 227 F.3d at 139-40 (citing Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring)) (observing that all property rights are not necessarily protected by substantive due process); Piekutowski v. Twp. of Plains, No. 3:CV-05-2078, 2006 WL 3254536, at *8 (M.D. Pa. Nov. 9, 2006) (stating that plaintiff must make threshold showing of property right protected by substantive due process).  Failure to do so is fatal to a substantive due process claim.  Nicholas, 227 F. 3d at 139-40.  While procedural due process may recognize many protected property rights, substantive due process protects only those that are "'fundamental' under the United States Constitution."  Nicholas, 227 F.3d at 140; see also Hill v. Borough of Kutztown, 455 F.3d 225, 234 n.12 (3d Cir. 2006) (citing Nicholas, 227 F.3d at 140) ("[F]or a property interest to be protected for

10

the purposes of *substantive due process*, it must be 'fundamental under the United States Constitution'."); <u>Wagner v. Tuscarora Sch. Dist.</u>, No. Civ.A. 1:04-CV-1133, 2005 WL 2319141, *3 (M.D. Pa. Sept. 21, 2005) (same); <u>Coreia</u>, 2005 WL 2266589, at *7 (same).

Fundamental rights are relatively few in number.  At present, the United States Court of Appeals for the Third Circuit has applied substantive due process protection to the right to own real property, but it has repeatedly declined to extend that protection to other rights, including those such as public employment, created by state law.[7]  <u>Nicholas</u>, 227 F.3d at 141 ("[W]e have so far limited non-legislative substantive due process review to cases involving real property ownership."); <u>see also, e.g.,</u> <u>Gikas v. Wash. Sch. Dist.</u>, 328 F.3d 731, 736 (3d Cir. 2003) (holding that employment preference granted to veterans in public hiring process not a property right); <u>Reich v. Beharry</u>, 883 F.2d 239, 244-45 (3d Cir. 1989) (finding that service contract with state not a property right); <u>Mauriello v. Univ. of Med. & Dentistry of N.J.</u>, 781 F.2d 46, 50 (3d Cir. 1986) (concluding that continued enrollment at public university not a property right).  As such, a public employee discharged from his or her job lacks property interest sufficient to support a substantive due process claim.

---

[7]The court notes that D'Altilio's brief in opposition to the motion to dismiss (Doc. 25) references several cases that have reached the opposite conclusion under the doctrine of *procedural* due process, namely <u>Board of Regents v. Roth</u>, 408 U.S. 564 (1972), <u>Elmore v. Cleary</u>, 399 F.3d 279 (3d Cir. 2005), and <u>St. Germaine v. Pennsylvania Liquor Control Board</u>, No. Civ.A. 98-5437, 2000 WL 39065 (E.D. Pa. Jan. 19, 2000).  As these cases address procedural due process claims, <u>see</u> <u>Roth</u>, 408 U.S. at 569; <u>Elmore</u>, 399 F.3d at 281-82; <u>St. Germaine</u>, 2000 WL 39065 at *8, they are inapposite to the substantive due process inquiry.

See, e.g., Majewski, 2007 WL 1074769, at *4 (adopting magistrate's report recommending dismissal of plaintiff's substantive due process claim arising from termination of public employment because such employment is not a protected property right); Coreia, 2005 WL 2266589, at *7-*8 (granting motion to dismiss plaintiff's substantive due process claim based upon discharge from public employment due to lack of protected property right); Wagner v. Tuscarora Sch. Dist., No. 1:04-CV-1133, 2005 WL 2319141, at *3 (M.D. Pa. Sept. 21, 2005) (same).

D'Altilio's complaint alleges public employment as his only basis for a substantive due process claim. Public employment cannot provide sufficient grounds for a substantive due process violation. Accordingly, Count I must be dismissed. Leave to amend will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)

### b.    Procedural Due Process (Count II)

The Fourteenth Amendment doctrine of procedural due process prevents the government from depriving an individual of liberty or property interests without due process of law. U.S. CONST., amend. XIV, § 1. To assert a procedural due process violation, a plaintiff must demonstrate that (1) he or she was deprived of a liberty or property interest and (2) the procedures afforded the plaintiff incident to that deprivation failed to comport with the requirements of due process. Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). A protected property interest exists only if the plaintiff has "a legitimate claim of entitlement" to the interest. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); Hill, 455 F.3d at 234;

Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005) (stating that property interest in employment requires entitlement to continued employment). While property interests receive protection under the federal Constitution, they are created by other law, such as that of the states. Roth, 408 U.S. at 577 (holding that property interests derive from independent sources such as state law); Hill, 455 F.3d at 234 (observing that the existence of a property interest is "a question answered by state law); Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 316 n.9 (M.D. Pa. 2004); Majewski v. Luzerne County, No. 3:05cv2396, 2007 WL 1074769, at *19 (M.D. Pa. April 9, 2007). Pennsylvania law therefore governs whether D'Altilio had a protected property interest in his employment. Pappas, 331 F. Supp. 2d at 316 n.9.

Federally protected property interests arise under Pennsylvania law in three ways: First, the General Assembly may create a protected property interest through legislative action or authorization. See Aguilar v. Pa. Apple Mktg. Program, No. 1:05-CV-0804, 2006 WL 167820, at *6 (M.D. Pa. Jan. 19, 2006) (observing that property rights may be created through legislative action ); Pivarnik v. Commonwealth, Dep't of Transp., 474 A.2d 732, 733 (Pa. Commw. Ct. 1984) (citing Scott v. Phila. Parking Auth., 166 A.2d 278, 280 (1960)) ("In Pennsylvania, public employees gain an enforceable expectation of continued employment in their jobs through legislative action."). Second, a protected property interest may emerge from a contract that grants the plaintiff protected status, such as employment tenure or welfare benefits. See Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1399 (3d Cir. 1991) (holding that contracts granting protected status

create property rights); <u>see also</u> <u>Linan-Faye Constr. Co. v. Housing Auth. of</u> <u>Camden</u>, 49 F.3d 915, 932 (3d Cir. 1995) (stating that contracts granting protected status receive due process protection); <u>Aguilar</u>, 2006 WL 167820, at *6 (same); <u>Myers</u> <u>v. Penn Twp. Bd. of Comm'rs</u>, 50 F. Supp. 2d 385, 390 (M.D. Pa. 1999) (same). Finally, an employment contract permitting dismissal only for cause will create a property interest. <u>See</u> <u>Unger</u>, 928 F.2d at 1399 (summarizing protection conferred on employment contracts terminable only for cause); <u>see also</u> <u>Linan-Faye</u>, 49 F.3d at 932 (extending procedural due process protection to employment contracts that require cause for termination); <u>Aguilar</u>, 2006 WL 167820, at *6 (same); <u>Myers</u>, 50 F. Supp. 2d at 390 (same). D'Altilio's complaint does not allege the existence of an employment contract between himself and Dover Township; therefore, he has a protected property interest only if the General Assembly through legislative action has authorized the creation of one.

Under Pennsylvania law, employment with the Commonwealth or its municipalities is at-will unless the General Assembly has enacted legislation allowing it to be altered. <u>See</u> <u>Elmore v. Cleary</u>, 399 F.3d 279, 282 (3d Cir. 2005) ("[A] local government in Pennsylvania cannot provide its employees with tenure status unless there exists express legislative authority for doing so."); <u>Knox v. Bd. of Sch.</u> <u>Dirs. of Susquenita Sch. Dist.</u>, 888 A.2d 640, 647-48 (Pa. 2005) (stating that absent legislative action, public employment in Pennsylvania is at will); <u>Scott</u>, 166 A.2d at 281 ("Tenure in public employment . . . is . . . a matter of legislative grace."). Without enabling legislation, Pennsylvania municipalities have no power to alter

14

the at-will status of their employees.  See Dobson v. Northumberland County, 151 F. App'x 166, 167 (3d Cir. 2005) (finding that municipalities lack power to alter at-will employment absent legislative authorization); Elmore, 399 F.3d at 283 (citing Cooley v. Pa. Hous. Fin. Agency, 830 F.2d 469, 471 (3d Cir. 1987)) ("Absent enabling legislation . . . , a township . . . cannot employ workers on anything but an at-will basis."); Knox, 888 A.2d at 648 ("[A]n appointed public employee takes his job subject to the possibility of summary removal by the employing agency.").  Any attempt by a municipality to alter an employee's status without enabling legislation, including through personnel handbooks or policies, has no legal effect, and the municipality's employees will remain employed only at will.  See Elmore, 399 F.3d at 283 (holding that even if municipality intended to confer "just cause" status on its office manager, it had no authority to do so under Pennsylvania law); Short v. Borough of Lawrenceville, 696 A.2d 1158, 1158 (Pa. 1997) (observing municipalities personnel policies "cannot contract away the right of summary dismissal").  This at-will status allows the municipality to terminate employment at any time and without notice.  See Knox, 888 A.2d at 647 (citation omitted) (reiterating that an employer may terminate an at-will employee "with or without cause, at pleasure").

Cases such as Short v. Borough of Lawrenceville, 696 A.2d 1158 (Pa. 1997), confirm that local governments lack the power to alter the at-will status of their employees.  In that case, the borough dismissed the plaintiff from her employment as the borough's secretary/treasurer, in violation of the procedures outlined in the

borough's personnel policies.  Id. at 1158.  Addressing the power of municipalities to alter the at-will status of their employees, the Pennsylvania Supreme Court held:

> Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal since the power to confer tenure must be expressly set forth in . . . enabling legislation. . . .  Moreover, an employee handbook or personnel manual issued by a Commonwealth agency is not a legislative action in itself and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided. . . .  [T]he Borough's personnel manual cannot contract away the right of summary dismissal.

Id. (citations omitted); accord Dobson, 151 F. App'x at 169 (concluding that municipality's policies professing to grant due process rights prior to termination "do[] not have any legal effect"); Aguilar, 2006 WL 167820, at *6 ("[A] Commonwealth agency's policies and by-laws are not legislative action and cannot be considered a contract guaranteeing a property right in employment unless the [General Assembly] has so provided.").

In the action *sub judice* case, neither the parties' briefs nor the court's independent research reveals the existence of any Pennsylvania statute allowing a municipality to alter the at-will employment relationship with its managerial employees.  D'Altilio nevertheless relies on Dover Township Resolution 2002-01 as the basis of a property interest in his employment.  (Doc. 1 ¶¶ 71-72.)  That resolution, which amends the township's personnel policies, purports to guarantee

due process rights to Township employees prior to dismissal.[8]  Despite these assurances, however, Dover Township lacks the power to alter its employees' at-will status without authorization to do so from the General Assembly.  See Elmore, 399 F.3d at 283; Short, 696 A.2d at 1158.  Therefore, regardless of Dover Township's intentions when promulgating Resolution 2002-01, it lacked the power to confer anything other than at-will employment upon D'Altilio.  Absent clear enabling legislation, Dover's personnel policies "cannot contract away the [township's] right of summary dismissal."  Short, 696 A.2d at 1158.  Because his employment was solely at the will of the Township, he had no property interested protected under the doctrine of procedural due process.  The motion to dismissed Count II of the complaint will be granted.  With respect to the asserted property interest, leave to amend will be denied as futile.  See Grayson, 293 F.3d at 108.

---

[8]The provisions of the resolution, entitled "A Resolution of the Board of Supervisors of Dover Township Amendment the Personnel Policies and Procedures for Non-Uniformed Employees of Dover Township," governing dismissal provide, in pertinent part, as follows:

> The tenure of every employee shall be conditioned on good behavior and the continued satisfactory performance of duties.  Any employee may be permanently dismissed for any reason. . . .

> All dismissals shall be made by the Manager.  No dismissals shall occur until a written statement containing the charges is presented to the employee by the Manager and a hearing held within five (5) days to determine the validity of the charges and to hear the employee's defense.

Doc. 25, Ex. A at 19.

### c.    **Equal Protection (Count III)**

The Equal Protection Clause of the Fourteenth Amendment directs that all individuals similarly situated be treated alike.  <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985).  Two theories exist upon which a plaintiff may assert an equal protection claim.  The traditional theory protects a plaintiff from discriminatory treatment based on membership in a protected class such as gender or race.  <u>See, e.g.</u>, <u>Cleburne Living Ctr.</u>, 473 U.S. at 439; <u>McLaughlin v. Florida</u>, 379 U.S. 184, 192 (1964).  In contrast, under the class-of-one theory, a plaintiff may have an equal protection claim even absent protected-class status if he or she alleges irrational and intentional differential treatment when compared with similarly situated individuals.  <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  D'Altilio's complaint alleges that defendants discharged him on the basis of his ethnicity, which suggests a protected-class claim. (Doc. 1 ¶ 57.)  The parties' briefs, however, reference both protected-class and class-of-one cases.  (Doc. 18 at 15-16; Doc. 25 at 16-17.)  Therefore, the court will discuss D'Altilio's claim under both theories.

### i.    **Protected-Class Theory**

To assert a protected class claim, the plaintiff must allege that (1) he or she is a member of a protected class and (2) the government treated similarly situated individuals outside of the protected class differently.  <u>See</u> <u>Oliveira v. Twp. of Irvington</u>, 41 F. App'x 555, 559 (3d Cir. 2005) (observing that a *prima facie* case under the Equal Protection Clause requires plaintiff to prove membership in "a

protected class and that they received different treatment than that received by other similarly-situated individuals"); Keenan v. City of Phila., 983 F.2d 459, 465 (1992) (requiring plaintiffs to demonstrate differential treatment on the basis of membership in a protected class); Pollack v. City of Phila., No. 06-4089, 2007 WL 576264, at *4 (E.D. Pa. Feb. 16, 2007) (same); Wilson v. Budgeon, No. 3:05-2101, 2007 WL 464700, at *8 (same). To avoid dismissal, a plaintiff must allege both protected-class status and differential treatment of similarly situated non-class members. Keenan, 983 F.2d at 465. Mere harassment based on protected-class status without identification of similarly situated individuals outside the class will not support an equal protection violation. See Hudson v. Coxon, 149 F. App'x 118, 121 (3d Cir. 2005) (upholding dismissal of equal protection claims for failure to allege differential treatment of others similarly situated); Pollack, 2007 WL 576264, at *4 (dismissing plaintiff's equal protection claim despite his allegations of racial harassment because he failed to allege that he received treatment different from that given to other individuals). When alleging the existence of individuals outside the protected class, a plaintiff "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not survive dismissal. Young v. New Sewickley Twp., 160 F. App'x 236, 266 (3d Cir. 2006) (citing Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005)); see also Twombly, 127 S. Ct. at 1968 (requiring more than a "wholly conclusory statement of claim" to survive a motion to dismiss). Instead, the plaintiff must allege "occasions

19

or circumstances" of differential treatment.  <u>Young</u>, 160 F. App'x at 266; <u>cf.</u> <u>Twombly</u>, 127 S. Ct. at 1969 (requiring a plaintiff to plead a set of facts consistent with legal allegations in complaint to survive dismissal).

<u>Pollack v. City of Philadelphia</u>, No. 06-4089, 2007 WL 576264 (E.D. Pa. Feb. 16, 2007), illustrates the necessity of identifying similarly situated individuals.  In that case, an African American police department custodian sued the municipality that employed him, alleging an equal protection claim based on repeated racial comments made by his supervisor.  <u>Id.</u> at *1 & n.1.  The district court dismissed despite the plaintiff's membership in a protected class because he did not "allege that he was treated in any way differently than any other individuals."  <u>See</u> <u>id.</u> at *4.

<u>Young v. New Sewickley Twp.</u>, 160 F. App'x 236 (3d Cir. 2005) likewise confirms the necessity of pleading the existence of such individuals.  In that case, a police officer sued the municipality that formerly employed him, alleging an equal protection violation in connection with his discharge.  <u>Id.</u> at 265.  The complaint stated that he was subject to "regular harassment" by the police chief and that "[n]o similarly situated police officers were treated in the same manner."  <u>Id.</u> at 266 (alteration in original).  The Third Circuit affirmed the district court's dismissal, holding the plaintiff's equal protection claim inadequate because he failed both to allege membership in a protected class and to identify "any occasions or circumstances in which [the police chief] allegedly treated [other] police officers in a different manner than he treated [the plaintiff.]"  <u>Id.</u> at 266.  Therefore, to assert a protected-class claim, the plaintiff must allege more than mere "bald assertions" of

the existence of similarly situated individuals.  <u>Evanco v. Fisher</u>, 423 F.3d 347, 351

(3d Cir. 2005).  Instead, the plaintiff must identify instances of differential treatment

when compared with similarly situated individuals.  <u>Young</u>, 160 F. App'x at 266.

In the case *sub judice*, D'Altilio has alleged that the defendants terminated

him because of his Italian ethnicity.  (Doc. 1 ¶ 57.)  He therefore alleges membership

in a protected class.  <u>See</u> <u>Dennis v. City of Easton</u>, No. 94-CV-5073, 1996 WL 32898,

at *10 (E.D. Pa. Jan 23, 1996) (listing national origin as protected class).  When

alleging the existence of similarly situated individuals, however, he merely states

that defendants created "a hostile and intimidating work environment for the

Plaintiff," that "such actions were not directed to other employees . . . who were

similarly situated," and that he was not treated like "those with whom [he] was

similarly situated."  (<u>Id.</u> ¶¶ 58, 79.)  These allegations are little more than the

equivalent of the "bald assertions" held insufficient in <u>Young</u> and <u>Pollack</u> and do

not allege "occasions and circumstances" of differential treatment.  <u>Young</u>, 160 F.

App'x at 266.  As <u>Pollack</u> indicates, without alleging the existence of individuals

outside of the D'Altilio's protected class (i.e., non-Italians) whom the defendants

treated differently, he has not pleaded facts sufficient to allege a protected-class

equal protection claim.  <u>See</u> <u>Young</u>, 160 F. App'x at 266; <u>Pollack</u>, 2007 WL 576264, at

*4.

### ii.   **Class-of-One Theory**

Nevertheless, D'Altilio's claim might alternatively rest upon the "class-of-

one" theory.  <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  This

theory allows a plaintiff to assert an equal protection claim when the government treats the plaintiff differently than similarly situated individuals without a rational purpose for doing so regardless of the plaintiff's membership in a protected class. Id. at 564 (explaining that equal protection prevents intentional, arbitrary discrimination against individuals); Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (holding that a class-of-one claim protects individuals from intentional, irrational differential treatment); Johnston v. Dauphin Borough, No. 1:05-CV1518, 2006 WL 1410766, at *6 (M.D. Pa. May 22, 2006) (same).  To assert a class-of-one claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  Hill, 455 F.3d at 239.

Like in a protected-class claim, a class-of-one plaintiff must allege the existence of similarly situated individuals whom the defendant treated differently than the plaintiff.  See Hill, 455 F.3d at 239.  In Hill v. Borough of Kutztown, the plaintiff, a borough manager, alleged that the borough's mayor created a hostile work environment of harassment and intimidation, leading to the plaintiff's constructive discharge.  Hill, 455 F.3d at 231.  He alleged, inter alia, a class-of-one equal protection claim, which the district court dismissed.  Id. at 233.  The Third Circuit affirmed because the plaintiff failed to allege "the existence of similarly situated individuals—i.e., Borough Managers—who [the defendants] treated differently. . . ."  Id. at 239 (citing Levenstein v. Salafsky, 414 F.3d 767, 776 (7th Cir. 2005).

Like in <u>Hill</u>, D'Altilio has not alleged the existence of similarly situated individuals sufficient to support a class-of-one claim.  Whereas under a protected-class theory he would have had to allege differential treatment of those outside the protected class, a class-of-one theory requires he allege the existence of others holding a similar position as he did (i.e., other directors of Dover Township departments) whom the defendants treated differently.  Without alleging the existence of such individuals and the ways in which they received different treatment, he cannot establish an equal protection claim based on a class-of-one theory.  Accordingly, Count III of the complaint will be dismissed.

### d.    Conspiracy under 42 U.S.C. § 1985(3) (Count VI)

D'Altilio alleges that the defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3).  (Doc. 25 at 21-22.)  Section 1985(3) provides a claim against those who conspire to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  To establish a *prima facie* case under § 1985(3), a plaintiff must prove that:  (1) defendants engaged in a conspiracy, (2) the conspiracy's purpose was to deprive, either directly or indirectly, any person or class of persons of equal protection of the laws or equal privileges and immunities under the laws, (3) defendants committed an act in furtherance of the conspiracy, and (4) defendants' actions resulted in injury to the plaintiff's person or property or a deprivation of the plaintiff's rights or privileges as a United States citizen.  <u>Farber v. City of Patterson</u>, 440 F.3d 131, 134 (3d Cir. 2006); <u>see also</u>

Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Brown v. Philip Morris Inc., 250

F.3d 789, 805 (3d Cir. 2001); Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).  "The

language requiring intent to deprive of *equal* protection, or *equal* privileges and

immunities, means that there must be some racial, or perhaps otherwise class-

based, invidiously discriminatory animus behind the conspirators' action."  Kush v.

Rutledge, 460 U.S. 719, 726 (1983) (quoting Griffin, 403 U.S. at 102); Farber, 440 F.3d

at 135; Brown, 250 F.3d at 805 (requiring plaintiff to show "racial or class-based

invidious discriminatory animus" underlying conspiracy).

"Mere conclusory allegations of deprivations of constitutional rights are

insufficient to state a § 1985(3) claim."  D.R. v. Middle Bucks Area Vocational Tech.

Sch., 972 F.2d 1364, 1377 (3d Cir. 1992).  While no heightened pleading requirement

exists for conspiracy under the Federal Rules of Civil Procedure, a successful

allegation of conspiracy under § 1985(3) must state particularized facts about

alleged wrongdoing sufficient to "'give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests.'"  DeJohn v. Temple Univ.,

No. 06-778, 2006 WL 2623274, at *5 n.10 (E.D. Pa. Sept. 11, 2006) (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1951); see also McLeod v. Still, No. Civ. 05-4635, 2006 WL

372986, at *4 n.4 (D.N.J. Feb. 16, 2006) (noting that "only particularized allegations"

will support a § 1985(3) conspiracy claim).  The plaintiff must allege the existence of

an agreement among the defendants, as well as the duration of the conspiracy, its

object, and actions taken in furtherance of it.  See Parrott v. Abramsen, 200 F.

App'x 163, 165 (3d Cir. 2000) (reiterating that a conspiracy claim requires plaintiff to

24

"set forth facts from which a conspiratorial agreement can be inferred"); <u>Ramsey v.
Dintino</u>, No. 05-5492, 2007 WL 979845, at *9 (D.N.J. Mar. 30, 2007) (dismissing
§ 1985(3) claim for failure to allege existence of an agreement among defendants);
<u>Grisby v. Kane</u>, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) (holding that plaintiff must
allege the period, object, and acts taken in furtherance of a conspiracy to prevail on
a motion to dismiss); <u>Loftus v. Se. Pa. Transp. Auth.</u>, 843 F. Supp. 981, 986 n.8 (E.D.
Pa. 1994) (citing <u>Black & Yates, Inc. v. Mahogany Ass'n, Inc.</u>, 129 F.2d 227, 231 (3d
Cir. 1941) ("A general allegation of conspiracy without a statement of facts is an
allegation of legal conclusion and insufficient of itself to constitute a cause of
action."); <u>Kalmanovitz v. G. Heileman Brewing Co.</u>, 595 F. Supp. 1385, 1401 (D. Del.
1984) (requiring particularized allegations of conspiracy), <u>aff'd</u> 769 F.2d 152 (3d Cir.
1985). "Parallel but independent action by separate actors does not import
conspiracy." <u>Loftus</u>, 843 F. Supp. at 987.

Turning to D'Altilio's complaint, he alleges that "[t]he Defendants . . . acted
in concert to interfere with and deprive Plaintiff of equal protection under the law
and/or equal privileges and immunities . . . in violation of 42 U.S.C. § 1985." (Doc. 1
¶ 94.)  This statement does not allege the existence of an agreement among the
defendants, nor does it discuss the period of the conspiracy, its object, or actions
taken in furtherance of it.  Though the complaint alleges that Supervisors
Shermeyer and Bonsell made insulting comments to D'Altilio and interfered with
his performance of his employment duties, (<u>see</u> Doc. 1 ¶¶ 30-32, 39), these
allegations at most indicate parallel behavior on the part of those defendants, not an

agreement between them.  Without further alleging a conspiratorial agreement and other facts relating to it, D'Altilio has failed to state a cognizable claim under § 1985(3).  See Parrott, 200 F. App'x at 165 (stating plaintiff must plead facts alleging conspiratorial agreement); Grigsby, 250 F. Supp. 2d at 458 (requiring conspiracy complaint to address matters such as period, object, and actions taken in furtherance of the conspiracy).   Accordingly, Count VI of the complaint will be dismissed.

### B.   State Law Claims

In addition to his federal claims, D'Altilio alleges violations of the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. §§ 951–963, and due process and equal protection claims under the Constitution of the Commonwealth of Pennsylvania.  (Doc. 1 ¶¶ 65, 74, 80, 104-09.)  Having dismissed D'Altilio's federal claims, the court notes that the parties have not articulated specific reasons for the court to entertain the state-law claims in the absence of a federal cause of action. See 28 U.S.C. § 1367(c) ("The district court[] may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (emphasis added).  Counts VIII and IX of the complaint

will therefore be dismissed.  Counts I, II, and III will likewise be dismissed to the

extent that they assert claims based upon the Constitution of the Commonwealth of

Pennsylvania.  D'Altilio is free to re-assert any of these state-law claims in state

court or in this court in the event that he files an amended complaint.

**IV.   Conclusion**

For the foregoing reasons, the defendants' motion to dismiss (Doc. 11) the

plaintiff's complaint (Doc. 1) will be granted.

An appropriate order follows.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        September 26, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL D'ALTILIO,** | : | **CIVIL ACTION NO. 1:06-CV-01931** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOVER TOWNSHIP, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 26th day of September, 2007, upon consideration of the

defendants' motion to dismiss (Doc. 11) the original complaint (Doc. 1), and of the

plaintiff's stipulation to dismiss defendants Shane Patterson and Michael Husson

(Doc. 43), and for the reasons set forth in the accompanying memorandum, it is

hereby ORDERED that:

1. As to defendants Patterson and Husson, the motion to dismiss (Doc. 11) is DENIED as moot.

2. As to all other defendants, the motion to dismiss (Doc. 11) is GRANTED.

3. Plaintiff shall be permitted to file, on or before October 1, 2007, an amended complaint that alleges one or more of the following:

   a. The existence of a specific policy, practice or custom of Dover Township that deprived D'Altilio of equal protection of the laws or that constituted in a conspiracy supporting a claim under 42 U.S.C. § 1985(3); and,

   b. Sufficient facts to allege that defendants Madelyn Shermeyer, Donald Bonsell, or Duane Hull engaged in conduct in their individual capacities that deprived D'Altilio of equal protection of the law or that constituted a conspiracy supporting a claim under 42 U.S.C. § 1985(3).

4.     In the absence of a timely filed amended complaint, the above-
       captioned case will be closed.


                            _____
                            CHRISTOPHER C. CONNER
                            United States District Judge